UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICRO FINES RECYCLING
OWEGO LLC,

                      Plaintiff,

v.                                                        3:17-CV-1315
                                                          (LEK/ML)
FERREX ENGINEERING, LTD.;
TOM CLARKSON; and 1199541
ONTARIO, INC.,

                      Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| WILSON, ELSER LAW FIRM<br>  Co-Counsel for the Plaintiff<br>1133 Westchester Avenue<br>White Plains, New York 10604 | ROSARIO M. VIGNALI, ESQ. |
| WEGMAN, HESSLER & VANDERBURG<br>  Co-Counsel for the Plaintiff<br>6055 Rockside Woods Blvd., Suite 200<br>Cleveland, Ohio 44131 | ANGELA M. LAVIN, ESQ<br>JAY R. CARSON, ESQ. |
| NATALE & WOLINETZ<br>  Counsel for the Defendants<br>116 Oak Street<br>Glastonbury, Connecticut 06033 | PETER K. RYDEL, ESQ. |

MIROSLAV LOVRIC, United States Magistrate Judge

## REPORT-RECOMMENDATION

      Micro Fines Recycling Owego LLC ("Plaintiff") commenced this action against Ferrex

Engineering, Ltd. ("Ferrex"), Tom Clarkson, and 1199541 Ontario, Inc. (collectively

"Defendants"), alleging recission, breach of express warranty, and breach of implied warranty.

(Dkt. No. 13.)

Currently pending before the Court is a motion brought by Plaintiff seeking a hearing on damages against Ferrex. (Dkt. No. 39.) For the reasons set forth below, I recommend that Plaintiff's motion for a hearing on damages be denied without prejudice.

## I.   PROCEDURAL HISTORY

Plaintiff commenced this diversity action on December 5, 2017. (Dkt. No. 1.) On February 27, 2018, Ferrex was served with the following five documents: (1) Hague Service Convention "Notice"; (2) Hague Service Convention "Summary"; (3) Summons in a Civil Action; (4) Complaint for Money Damages and Declaratory Relief with Exhibits A and B; and (5) Civil Cover Sheet. (Dkt. No. 8.) According to the docket entry dated March 8, 2018, Ferrex's Answer was due on March 20, 2018.

On March 21, 2018, Plaintiff submitted a status report to the Court, that stated "Ferrex, does not intend to participate in this lawsuit." (Dkt. No. 11.) On March 28, 2018, Plaintiff filed an Amended Complaint (Dkt. No. 13), that included "identical [allegations against Ferrex] to those set forth in the original Complaint" and included amendments "related only to the addition of new parties." (Dkt. No. 21.) As a result, pursuant to Fed. R. Civ. P. 5(a)(2), service was not required. (*Id.*) However, on March 28, 2018, Plaintiff served Ferrex with the Amended Complaint by regular mail pursuant to Fed. R. Civ. P. 5(b). (*Id.*)

To date, Ferrex has not answered the original Complaint (Dkt. No. 1) or the Amended Complaint (Dkt. No. 13). (*See generally* docket sheet.)

On June 6, 2018, Plaintiff requested an entry of default against Ferrex. (Dkt. No. 20.) On June 7, 2018, the Clerk of the Court entered default against Ferrex, pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 22.) Plaintiff was directed to file a motion for default judgment against

Ferrex or a status report by July 9, 2018.  (Dkt. No. 23.)  To date, no motion for default judgment has been filed.  (*See generally* docket sheet.)

On April 8, 2019, Plaintiff filed a letter motion requesting "an evidentiary Hearing, whether live or by written submission, so that it can present evidence of its damages and obtain a final judgment as to Ferrex."  (Dkt. No. 39.)  U.S. District Judge Lawrence. E. Kahn referred this motion to me for a report and recommendation on Plaintiff's motion.  (Dkt. No. 40.)

## II.    RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation."  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).  "Rule 55 provides a 'two-step process' for the entry of judgment against a party who fails to defend: first the entry of a default, and second, the entry of a default judgment."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)); *see also Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008) ("Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.  First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'  Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court.").

"The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff.  The entry of default is governed by Rule 55(a)."  *Mickalis*, 645 F.3d at 128.

"The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Id.* Pursuant to Fed. R. Civ. P. 55(b), a default judgment ordinarily must be entered by the district judge, rather than by the clerk of the court. *Id.*[1] "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Robertson*, 2008 WL 2519894, at *3 (citing Fed. R. Civ. P. 55(b)(2)).

Default judgment is an extreme remedy and should only be entered as a last resort. *Meehan v. Snow*, 652 F.2d 274, 377 (2d Cir. 1981). In light of the "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored" and doubts "should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993).

As a result, "[t]he Court has significant discretion to consider a number of factors in deciding wether to grant a default judgment, including (1) whether the grounds for default are clearly established; (2) whether the claims were pleaded in the Complaint thereby placing the defendant on notice, . . . ; and (3) the amount of money potentially involved-the more money involved, the less justification for entering the default judgment." *Stein v. Valentine & Kebartas, Inc.*, 10-CV-2465, 2012 WL 1416924, at *2 (S.D.N.Y. Mar. 15, 2012).

---

[1] "The clerk may enter a judgment when the claim is one for a sum certain, if furnished with an affidavit of the amount due, and provided that defendant has defaulted for failure to appear. *See* Fed. R. Civ. P. 55(b)(1). In any other case, other than a sum certain, application must be made to the court for a default judgment." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

"If liability is found, a Court next turns to damages." *Liberty Mut. Ins. Co. v. Project Tri-Force, LLC*, 18-CV-0427, 2019 WL 1349720, at *2 (S.D.N.Y. Mar. 26, 2019).

**III.    ANALYSIS**

Here, Plaintiff has satisfied its obligations under the first step of Fed. R. Civ. P. 55(a), by obtaining an entry of default by the Clerk of the Court. (Dkt. No. 22.)  However, at this juncture, there has not been an entry of a default judgment against Ferrex nor has Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b), which would provide notice and an opportunity for Ferrex to show cause why the Court should not enter default judgment.  (*See generally* docket sheet.)  As a result, Plaintiff's request for a hearing with respect to damages is premature.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED** that Plaintiff's letter motion for a hearing with respect to damages (Dkt. No. 39) be **DENIED WITHOUT PREJUDICE**.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[1]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013);

---

[1]    If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: July 30, 2019
       Binghamton, New York

*/s/ Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge